NEW ENGLAND MERCHANTS NATIONAL BANK OF BOSTON, administrator, *vs.* OLD COLONY TRUST COMPANY & others.

Suffolk. October 7, 1969. — January 21, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, REARDON, & QUIRICO, JJ.

*Uniform Commercial Code*, Investment securities. *Bona Fide Purchaser.* *Pleading, Civil*, Demurrer. *Practice, Civil*, Amendment. *Law of the Case.*

Where demurrers to a declaration and to a substitute declaration were sustained, a demurrer to a second substitute declaration was filed, and the three declarations presented the same legal issues, the judge hearing the demurrer to the second substitute declaration was free to make his own determinations based on the allegations set forth therein. [614–615]

A cause of action by an administrator under the Investment Securities Article of the Uniform Commercial Code, G. L. c. 106, Article 8, was stated by a declaration which alleged in substance that the plaintiff's

intestate had purchased stock in a textile trust, a defendant, and received certificates therefor indorsed in blank by the previous owner, that thereafter the trustees of the defendant trust called for redemption of the trust's stock and declared partial liquidating dividends, that some years later the plaintiff as administrator presented the stock formerly of the intestate to the trust's transfer agent, a defendant, and that the transfer agent, upon presentment, refused payment of the certificates; further allegations of the declaration, that "at no time did [the] plaintiff's intestate or the plaintiff register the transfer of the ownership of" the stock with the trust, and that accordingly its "books and records" "never reflected the transfer to [the] plaintiff's intestate and the true and lawful ownership" of the stock, did not justify sustaining a demurrer to the declaration. [615–616]

In an action at law on a debt, payment is an affirmative defence which cannot be raised by a demurrer. [616]

CONTRACT OR TORT. Writ in the Superior Court dated October 5, 1967.

The action was heard by *Lurie, J.*, on demurrer.

*Virginia Aldrich* for the plaintiff.

*Allan van Gestel* for the defendants.

SPIEGEL, J. This is an action of contract or tort to recover the amount represented by certificates of preferred and common stock of the defendant, Associated Textile Companies (Associated). The defendants filed a demurrer to the declaration which was sustained. Subsequently, the plaintiff filed two substitute declarations, to each of which demurrers were sustained. The case is here on the plaintiff's exception to the sustaining of the demurrer [1] to the second substitute declaration.

The material allegations in the declaration are as follows. On July 22, 1960, and August 16, 1960, the trustees of Associated, the defendants Sanderson, Selby and Crane,

---

[1] The defendants "demur generally and specifically to each of the six (6) counts of the plaintiff's second substitute declaration and say that the said declaration and each count thereof and the matters therein contained in manner and form as the same are stated and set forth are not sufficient in law for the plaintiff to have its action against the said defendants, and assign specifically to the said second substitute declaration as a whole, and to each of said six (6) counts thereof as though set forth separately, their reasons therefor:

"1. The said second substitute declaration and each count thereof does not state a cause of action recognized by the laws of this Commonwealth;

"2. The said second substitute declaration and each count thereof does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action;

called for the redemption of Associated's common and preferred stock, respectively, and declared partial liquidating dividends. On December 24, 1931, the plaintiff's intestate, James F. Bacon, purchased Associated stock, and received certificates therefor indorsed in blank, from one Francis A. Gallop. The plaintiff, on April 7, 1967, as administrator of Bacon's estate, presented the stock certificates to the defendant Old Colony Trust Company (Old Colony), Associated's transfer agent. Upon presentment, Old Colony refused payment of the certificates. "At no time did [the] plaintiff's intestate or the plaintiff register the transfer of the ownership of the Associated Stock with the defendant Associated . . . and, accordingly, the books and records of . . . Associated . . . never reflected the transfer to [the] plaintiff's intestate and the true and lawful ownership of the . . . Stock."

The defendants contend that the judge sustained the demurrer because the "second substitute declaration did not cure the defects in the prior declarations and . . . the assumptions of law made by the prior Court in sustaining the earlier demurrers had become the law of the case." We do not agree. In *Saxon Theatre Corp. of Boston* v. *Sage*, 347 Mass. 662, 665, we noted with approval the rule holding "that after a demurrer to a declaration has been sustained

"3. The said second substitute declaration and each count thereof fails to set forth or allege a material fact necessary to state a cause of action, to wit: that either the plaintiff or its intestate was a shareholder of record of Associated Textile Companies at any time; and in fact it affirmatively alleges the contrary;

"4. The said second substitute declaration and each count thereof fails to set forth or allege a material fact necessary to establish the plaintiff's cause of action, to wit: that either the plaintiff or its intestate ever presented a completed instrument to any one of the defendants and requested a transfer on the books of the Associated Textile Companies; and in fact it affirmatively alleges the contrary;

"5. The declaration and each count thereof reveals in its face that the causes alleged are barred by laches and the Statute of Limitations.

"6. Counts II, IV and VI of said second substitute declaration state as a conclusion of law that the various defendants 'owe it' certain sums but fail to plead any facts upon which said debt is predicated."

The judge sustained the demurrer "on all grounds except No. 5." The defendants took no exception to this ruling. In any event, at law, the matter involved in this ground is an affirmative defence which cannot be raised by demurrer. See *Gallo* v. *Foley*, 299 Mass. 1, 3.

356 Mass. 612                                             615

New England Merchants National Bank *v.* Old Colony Trust Co.

and a superseding amendment has been allowed the demurrer to the original declaration will not be dealt with." The judge is free to make his own determinations based on the allegations set forth in the amended declaration and he is not required to accept "the rulings of two prior judges on the same legal issues."

The defendants also argue that a transferee "cannot . . . maintain an action for a dividend against the issuer of stock or its agents unless and until that transferee has applied for a transfer of the registration of the ownership" on the books and records of the corporation. However, the defendants, by relying on this line of argument, overlook the overriding objective of the "Investment Securities" Article of the Uniform Commercial Code (code), G. L. c. 106, Article 8 (effective October 1, 1958), which confers negotiability upon "securities governed by this Article." [2] Article 8 does not require that before a "holder" of securities can enforce rights under the securities he must be the "record owner" of those securities. A purchaser acquires the rights of his transferor. [3] Article 8 is first concerned with whether the instruments involved are "securities" within the definition expressed in § 8 – 102 (1) (a). [4] In the instant case, the stock certificates are clearly "securities" and therefore fall within the ambit of § 8 – 105 (1).

In the case before us the pleadings do not contain a

---

[2] G. L. c. 106, § 8 – 105 (1).

[3] General Laws c. 106, § 8 – 301 (1), reads: "Upon delivery of a security the purchaser acquires the rights in the security which his transferor had or had actual authority to convey except that a purchaser who has himself been a party to any fraud or illegality affecting the security or who as a prior holder had notice of an adverse claim cannot improve his position by taking from a later bona fide purchaser." Section 8 – 302 reads: "A 'bona fide purchaser' is a purchaser for value in good faith and without notice of any adverse claim who takes delivery of a security in bearer form or of one in registered form issued to him or indorsed to him or in blank."

[4] General Laws c. 106, § 8 – 102 (1) (a) reads as follows: "(1) In this Article unless the context otherwise requires (a) A 'security' is an instrument which (i) is issued in bearer or registered form; and (ii) is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment; and (iii) is either one of a class or series or by its terms is divisible into a class or series of instruments; and (iv) evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer."

denial of the validity of the signatures, and "unless specifically denied in the pleadings, each signature on the security or in a necessary indorsement is admitted."[5]   With the signatures admitted, § 8 – 105 (2) (c) becomes effective and the "production of the . . . [security] entitles a holder to recover on it unless the defendant establishes a defense or a defect going to the validity of the security."   An indorsement in blank is sufficient to transfer legal title under. § 8 – 308 (2).

The defendants further contend that under § 3 of the Uniform Stock Transfer Act, St. 1910, c. 171, predecessor of G. L. c. 155, § 29 (repealed by St. 1957, c. 765, § 2), and its code counterpart, § 8 – 207, "a corporation and its agents are free from liability when payment of a dividend is made to the record holder of the shares in the absence of notice of a conflicting claim."   We need not now interpret § 8 – 207 or its predecessor for, in any event, the judge's ruling sustaining their demurrer cannot be upheld.   Payment, even if averred in the demurrer, is a matter of defence, not a ground for the sustaining of a demurrer.   *Fay* v. *Boston & Worcester St. Ry.* 196 Mass. 329, 336.   *Murray* v. *Grossman*, 289 Mass. 217, 221.   See G. L. c. 231, § 28.

We do not agree with the additional contention of the defendants that the case of *Palmer* v. *O'Bannon Corp.* 253 Mass. 8, is controlling.   In that case we held that unless the pledgee of stock certificates completed the blank certificates by filling in his name, he had no right to have new certificates issued or to have title to the certificates registered in his name.   However, the requirements set forth in the *O'Bannon* case were decided prior to the adoption of the code.   In so far as these requirements are inconsistent with the concepts of negotiability enunciated in Article 8, they are no longer of any effect.[6]

The plaintiff's allegations are sufficient to state a cause of action.

*Exceptions sustained.*

---

[5] G. L. c. 106, § 8 – 105 (2) (a).

[6] G. L. c. 106, § 8 – 308 (2), and § 8 – 401 (1) (a).