New England Merchants National Bank of Boston,
administrator, *vs.* Old Colony Trust Company & others[1].

Suffolk.  November 2, 1981. — January 8, 1982.

Present: Hennessey, C.J., Liacos, Abrams, & Nolan, JJ.

*Uniform Commercial Code,* Investment securities.

The trustees of a Massachusetts business trust were authorized by G. L.
    c. 106, § 8-207 (1), to pay liquidating dividends to the registered
    owner of shares in the trust, who had been issued replacement certifi-
    cates on his assertion that his original certificates had been lost, and
    such payment was a "defense" within the meaning of § 8-105 (2) (*c*) to
    an action to recover the liquidating dividends brought by the adminis-
    trator of the estate of a decedent who had possessed the original certifi-
    cates which had never been presented for registration of transfer.
    [27-29]

Contract or tort.  Writ in the Superior Court dated
October 5, 1967.

Following the decision of this court in 356 Mass. 612
(1970), the case was heard by *Byron,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Douglas H. Wilkins* (*Reginald H. Howe* with him) for the
plaintiff.

*Allan van Gestel* for the defendants.

Nolan, J.  New England Merchants National Bank of
Boston, as administrator of the estate of James Bacon,
brought this action in the Superior Court against the trus-
tees of a Massachusetts business trust with transferable
shares and their transfer agent Old Colony Trust Company

---

[1] The other defendants are Associated Textile Companies, and three of
its trustees.

to recover liquidating dividends which the trust declared and paid on its common and preferred shares in 1960 and 1964. The case was submitted on stipulated facts to a judge of the Superior Court, who found for the defendants. The plaintiff appealed from that judgment and the Appeals Court affirmed. *New England Merchants Nat'l Bank* v. *Old Colony Trust Co.,* 11 Mass. App. Ct. 539 (1981). We granted an application for further appellate review and we affirm the judgment.

The agreed facts may be summarized as follows. The defendant Associated Textile Companies is a Massachusetts business trust. On December 17, 1931, the trustees issued ninety preferred shares and 105 common shares to Francis A. Gallop. On December 24, 1931, Gallop indorsed in blank the transfer forms that appeared on the backs of the two certificates which were evidence of his ownership of those shares. The genuineness of his signature was guaranteed by a brokerage house. In 1955, Gallop submitted to the transfer agent an affidavit of loss with respect to the two certificates. The transfer agent issued replacement certificates to Gallop upon his furnishing of a bond running in favor of the transfer agent and the trust. In 1960 the trustees called all the common and preferred shares for redemption. Upon delivery of the replacement certificates, Gallop was paid the liquidating dividends which had been declared on both classes of stock.

James Bacon died in 1966 and the plaintiff was appointed administrator of his estate. Among Bacon's papers the plaintiff found the two certificates which had been indorsed in blank by Gallop in 1931. There is no evidence as to the circumstances surrounding the indorsement of the certificates nor as to how Bacon acquired possession of them. The certificates had never been presented to the transfer agent for the issuance of new certificates in Bacon's name and neither the books and records of the transfer agent nor those of the trust had ever reflected any transfer from Gallop to Bacon of any ownership or other interest in any shares of the trust. The plaintiff, after notice to the surety on Gallop's

bond, surrendered the certificates to the transfer agent in 1967 and demanded payment of the liquidating dividends which had been declared in 1960 and 1964. The defendants refused payment, and the plaintiff commenced this action on October 5, 1967.

The present case reached this court for the first time in 1969 on the plaintiff's exceptions to an order of a Superior Court judge sustaining the defendant's demurrer to the plaintiff's second substitute declaration. In the decision which resulted we held that the certificates are "securities" within the meaning of § 8-102 (1) (a) of Article 8 of the Uniform Commercial Code (G. L. c. 106, §§ 8-101 et seq., as appearing in St. 1957, c. 765, § 1), and that the plaintiff was the "holder" of those securities within the meaning of G. L. c. 106, § 1-201 (20), and therefore could enforce rights under the securities regardless of whether he was the record owner of the securities. We further held that on the facts alleged the plaintiff fell within the ambit of G. L. c. 106, § 8-105 (2) (*c*), which provides: "In any action on a security . . . (c) when signatures are admitted or established production of the instrument entitles a holder to recover on it unless the defendant establishes a defense or a defect going to the validity of the security." *New England Merchants Nat'l Bank* v. *Old Colony Trust Co.*, 356 Mass. 612, 615-616 (1970). We expressly declined to pass on the question whether the defendants might have a defense under G. L. c. 106, § 8-207 (1). We felt it unnecessary to do so because, as we said then, "[p]ayment, even if averred in the demurrer, is a matter of defence, not a ground for the sustaining of a demurrer." *Id.* at 612.

This court generally declines to reconsider questions which have been decided in an earlier appeal in the same case. *Peterson* v. *Hopson*, 306 Mass. 597, 599 (1940), and cases cited. However, if we are persuaded that a previous holding in the same case was in error, we will reconsider it. *Gleason* v. *Hardware Mut. Cas. Co.*, 331 Mass. 703, 710 (1954). We are satisfied with our previous ruling in the present case and do not reconsider it now. Therefore, the

only question for decision is whether the defendants have established a defense to the action within the meaning of G. L. c. 106, § 8-105 (2) (*c*). We conclude that by paying the liquidating dividends to Gallop prior to the presentment of the certificates originally issued to him, the defendants have established such a defense and are entitled to prevail in this action.

We agree with the result and reasoning of the Appeals Court. There is no need to repeat its analysis of the meaning and application of G. L. c. 106, § 8-207 (1), to the facts of this case, but we will discuss that provision briefly. Section 8-207 (1) provides: "Prior to due presentment for registration of transfer of a security in registered form the issuer . . . may treat the registered owner as the person exclusively entitled to vote, to receive notifications and otherwise to exercise all the rights and powers of an owner." No case has been brought to our attention, nor has our research unearthed any, in which a court has considered § 8-207 (1) at length. However, the language of the provision is clear. The 1977 official comment to this subsection noted in the Appeals Court decision clearly states that the issuer has the right to recognize the registered owner as the person entitled to exercise all the rights of an owner until there has been due presentation for registration of transfer under part 4 of Article 8. 11 Mass. App. Ct. at 544-545. Commentators on the Code have written that § 8-207 (1) means what it says. "Under the Code, the issuer . . . may continue so to recognize the registered owner, even after he has transferred his security, so long as the new owner has not made a due presentment for registration of transfer." 3 R.A. Anderson, Uniform Commercial Code 711 (2d ed. 1971). We conclude that G. L. c. 106, § 8-207 (1), protected the defendants in paying the liquidating dividends to Gallop and that they therefore have established a defense to the present action within the meaning of G. L. c. 106, § 8-105 (2) (*c*).

There is an additional reason for our holding that the defendants have established a defense within the meaning of G. L. c. 106, § 8-105 (2) (*c*). Section 8-202 (1) provides:

"Even against a purchaser for value and without notice, the terms of a security include those stated on the security and those made part of the security by reference to another instrument, indenture or document . . . to the extent that the terms so referred to do not conflict with the stated terms." The certificates in question recite that the shares are issued subject to the provisions of the Declaration of Trust. That declaration in turn provides in art. III, par. 3, that shares are "transferable only on the books of the Trust by the holder thereof or his legal representative . . . upon surrender of the certificate therefor." Paragraph 7 of art. III further states that shares are evidence only of the rights set forth in the declaration and that those rights are contract rights rather than property rights. The trust provisions, made part of the terms of the security by the certificate itself and also by G. L. c. 106, § 8-202 (1), require a surrender of the certificate in order to transfer the shares on the books of the trust. This requirement was not met and provides further support for our holding that the defendants have established a valid defense.

Section 8-105 (2) (d) provides that in an action on a security, once it is shown that a defense exists, "the plaintiff has the burden of establishing that he or some person under whom he claims is a person against whom the defense or defect is ineffective." Provision is made in § 8-202 (4) that when the issuer establishes a defense such as is here involved, the defense will be ineffective against a purchaser for value who has taken without notice of the particular defense. The plaintiff here has failed to establish that he is a purchaser for value who took without notice of the particular defense. G. L. c. 106, § 1-201 (32), (33), and (44). He therefore has failed to show that the defense is ineffective against him and accordingly is not entitled to recover on the certificates.

The plaintiff argues that because the issuer obtained a surety bond when it issued the replacement certificates to Gallop, the issuer is protected against liability and does not need additional protection from § 8-207 (1). The existence

of the surety bond, however, does not expand the plaintiff's legal rights nor diminish those of the defendants. The surety bond would simply protect the issuer if liability were found, as for example, if the plaintiff had established that he was a person against whom the issuer's defense was ineffective. The existence of the surety bond does not have any bearing on the threshold question whether the issuer has established a defense under § 8-207 (1).

Finally, the plaintiff argues that § 8-207 does not apply to the payment of liquidating dividends but only protects an issuer who pays ordinary dividends to a record owner. This distinction between ordinary and liquidating dividends is not supported by the language of the provision, nor does the plaintiff cite any cases which support this interpretation of § 8-207. Section 8-207 provides that prior to due presentment for registration of transfer of a security, the issuer "may treat the registered owner as the person exclusively entitled to vote, to receive notifications and otherwise to exercise all the rights and powers of an owner." We see no reason why the right of a record owner to receive liquidating dividends should be excluded from this general grant of rights.

Accordingly, the judgment of the Superior Court for the defendants is affirmed.

*So ordered.*