CHERYL A. EDGAR vs. CHARLES M. EDGAR.

Suffolk. October 4, 1989. - February 12, 1990.

Present: LIACOS, C.J., WILKINS, LYNCH, & GREANEY, JJ.

Contempt. Practice, Civil, Appeal, Attorney's fees. Divorce and Separation, Attorney's fees.

A defendant who had not objected to or appealed the issue of his liability
   for attorney's fees in connection with criminal contempt proceedings in
   a Probate Court was not entitled to a review of his liability for appel-
   late attorney's fees in connection with his unsuccessful appeal of the
   contempt judgment. [629-630]
There was no error in the assessment of appellate attorney's fees against a
   defendant on his unsuccessful appeal of a judgment of criminal con-
   tempt for failure to pay child support. [630-631]

COMPLAINT for divorce filed in the Norfolk Division of the
Probate and Family Court Department on March 18, 1983.
   A proceeding for contempt, commenced on February 2,
1987, was heard by David H. Kopelman, J.
   After review by this court, 403 Mass. 616 (1988), a mo-
tion for an award of attorney's fees was heard by Nolan, J.,
in the Supreme Judicial Court for the county of Suffolk.
   James B. Krasnoo for Charles M. Edgar.
   John C. Ottenberg for Cheryl A. Edgar.
   LYNCH, J. In April, 1987, the defendant Charles M. Edgar
was found guilty of criminal contempt by a Probate Court
judge, for failing to comply with a child support order. He
was sentenced to jail for a fixed term and was also ordered to
pay his former wife, the plaintiff, Cheryl A. Edgar, arrear-
ages plus attorney's fees, pursuant to G. L. c. 215, § 34A
(1986 ed.).[1] The defendant appealed only from the judgment

_____

[1] In pertinent part, G. L. c. 215, § 34A, provides the following: "In en-
tering a judgment of contempt for failure to comply with an order or judg-

of criminal contempt, and this court affirmed. *Edgar* v. *Edgar*, 403 Mass. 616 (1988) (*Edgar I*).

The court referred to a single justice the plaintiff's motion for attorney's fees incurred in connection with that appeal. The single justice awarded counsel fees in the amount of $2,645, and it is from that decision of the single justice that the defendant again appeals. We conclude there was no error and uphold the decision of the single justice.

In his appeal from the order of the single justice, the defendant challenges the award of any attorney's fees — both at the trial and appellate level — on several grounds. First, he argues that, because the fees were incurred in connection with criminal contempt proceedings, the plaintiff's private attorney should not have been allowed to prosecute him and therefore no fees may be awarded pursuant to G. L. c. 215, § 34A. Second, he asserts, applying the statute to require a defendant, held to be guilty of criminal contempt, to pay the attorney's fees of the plaintiff, would violate a number of Federal and State constitutional rights.

We will not disturb a decision of a single justice absent clear error of law or abuse of discretion. *Fogarty* v. *Commonwealth, ante* 103, 106 (1989). *Palaza* v. *Superior Court*, 393 Mass. 1001, 1002 (1984).

The defendant never objected to the awarding of attorney's fees in the Probate Court. Neither did the defendant appeal that order. See Mass. R. Dom. Rel. P. 60 (b) (1989). An issue not raised at the trial court is not entitled to review here. *Petition for Revocation of a Judgment for Adoption of a Minor*, 393 Mass. 556, 563 n.12 (1984). Furthermore, the defendant failed to raise the issue in his original appeal, and

ment for monetary payment, there shall be a presumption that the plaintiff is entitled to receive from the defendant, in addition to the judgment on monetary arrears, all of his reasonable attorney's fees and expenses relating to the attempted resolution, initiation and prosecution of the complaint for contempt. The contempt judgment so entered shall include reasonable attorney's fees and expenses, unless the probate judge enters specific findings that such attorney's fee and expenses shall not be paid by the defendant."

we see no reason why he should be allowed to do so now. *New England Merchants Nat'l Bank* v. *Old Colony Trust Co.*, 385 Mass. 24, 26 (1982). Thus the judgment we affirmed in *Edgar I* established his liability for attorney's fees. There is no fundamental difference between trial and appellate fees, and, even though he had actual notice prior to oral argument in this matter that appellate fees were being claimed, he failed to argue that there was any distinction between the two. It is now too late, therefore, to raise the issue of his liability for attorney's fees, or to attempt to bifurcate the issue by questioning his liability for appellate attorney's fees. *Id.* It was, of course, open for him to contest the *amount* of appellate attorney's fees which could not be determined until the conclusion of the appeal. However, this court need not reexamine his liability for counsel fees since he chose not to raise the issue on his prior appeal. *Peterson* v. *Hopson*, 306 Mass. 597, 599 (1940). We conclude, therefore, that the liability for such fees both at the trial and appellate level was determined by *Edgar I*. The amount of these fees at the trial level was also determined by *Edgar I*. The only question not within the ambit of the decision in *Edgar I* is the amount of the appellate attorney's fees. We turn then to this question.

The single justice was not required, as the defendant contends, to continue the hearing on the assessment of appellate fees to permit him to question the affidavit of the plaintiff's attorney setting out an itemized breakdown of his fees. The defendant asked for and was granted additional time to prepare a memorandum in opposition to the award of appellate attorney's fees. Prior to the hearing he could have initiated discovery. See Mass. R. Civ. P. 1, 365 Mass. 730 (1974); Mass. R. Civ. P. 26 (a), as amended, 382 Mass. 823 (1981). Instead, with knowledge of the affidavit's contents, he chose simply to ask the single justice, in the last sentence of his memorandum in opposition to the award, to permit him "to inquire into [the] matters" of the amount of such fees. Relying on the single justice to fashion a remedy is inadequate. He filed no affidavit of his own nor did he make any attempt

to comply with the rules of practice before the single justice. See S.J.C. Rules 2:11 and 2:12, as appearing in 382 Mass. 748 (1981). In those circumstances the defendant cannot be heard to complain that he was deprived of an opportunity to contest the amount of fees assessed against him.

The order of the single justice, assessing against the defendant the appellate attorney's fees of the plaintiff, is affirmed.

*So ordered.*