E.H.S. *vs.* K.E.S. February 10, 1997. *Abuse Prevention. Practice, Civil,* Failure to raise issue, Record.

This case involves an abuse prevention order obtained by the respondent against her father, the petitioner. See G. L. c. 209A. The order was issued in the Framingham Division of the District Court Department on February 24, 1994, and has been extended several times since then. It is currently in effect. In December, 1994, the petitioner wrote to this court requesting review of the order. His letter was treated as a petition pursuant to G. L. c. 211, § 3, and as such was denied by a single justice after a hearing. The petitioner appeals to the full court from the judgment of the single justice.[1]

The petitioner alleges, among other things, that the restraining order violates his constitutional right to raise his child (and discipline her) as he sees fit and his right to the free exercise of religion. He also asserts due process and equal protection violations, as well as a claim that he has been subjected to cruel and unusual punishment.

We shall not address the merits of the petitioner's constitutional claims because there is nothing in the record before us that indicates that those

[1]At the time the petitioner wrote to the court, a petition pursuant to G. L. c. 211, § 3, was the correct route by which to seek relief from a District Court order entered under G. L. c. 209A. *Frizado* v. *Frizado*, 420 Mass. 592, 593 (1995). The procedure has since been changed. Now, review of a District Court order under c. 209A shall be had by way of appeal to the Appeals Court. *Zullo* v. *Goguen*, 423 Mass. 679, 681-682 (1996).

claims were adequately raised and preserved in the District Court proceedings. The petitioner has not provided a transcript of the various District Court hearings. The parties' briefs and record appendix do not suggest that any constitutional claim was raised and preserved below. Indeed, after listening to the audiotape recording of the District Court hearings on June 17 and August 12, 1994 (the only tape that was furnished to the single justice), we are convinced that the constitutional claims were not adequately raised and preserved at those hearings.

The failure to raise the constitutional issues in the trial court is compounded by the poor record that has been put before us on appeal. "Generally . . . we shall not address issues raised for the first time on appeal, if the record accompanying them is lacking, as is the case here, in providing a basis for their intelligent resolution." *Gagnon, petitioner,* 416 Mass. 775, 780 (1994). See *Adoption of Mary,* 414 Mass. 705, 712 (1993); *Edgar* v. *Edgar,* 406 Mass. 628, 629 (1990); *Royal Indem. Co.* v. *Blakely,* 372 Mass. 86, 87-88 (1977), and cases cited. See also H.J. Alperin & L.D. Shubow, Summary of Basic Law §§ 4.11-4.12 (3d ed. 1996). Although the petitioner has been representing himself throughout most of the proceedings, he is not excused from the requirement of raising and preserving his claims in the trial court and presenting an adequate record on appeal. *Maza* v. *Commonwealth,* 423 Mass. 1006 (1996). *Brossard* v. *West Roxbury Div. of the Dist. Court Dep't,* 417 Mass. 183, 184 (1994), and cases cited.

The petitioner's remaining claims are unsupported by the record and lack merit. The judges who issued and extended the protective order were entitled to believe the testimony of the respondent. Her testimony, together with the petitioner's criminal conviction stemming from the same facts, provided more than a sufficient basis for the protective order. Moreover, the judge of the District Court whom the petitioner claims was biased against him did not, according to the materials in the record appendix, become involved in the G. L. c. 209A matter until after the petitioner sought relief from the single justice in December, 1994. Therefore, the petitioner's claim of bias is beyond the scope of this appeal.

*Judgment of the single justice affirmed.*

*E. H. S.,* pro se.
*V. Pualani Enos* for the minor child.