N.C., the respondent, is an eighty-seven year old woman diagnosed with progressive dementia.[2] She has no surviving spouse. On January 13, 2015, the respondent's children, petitioners Gilbert[3] and Leslie, filed a petition seeking appointment as their mother's general guardians and authorization for her admission to a nursing home and treatment with antipsychotic medication. After a hearing at which only the respondent testified, a judge of the Probate and Family Court allowed the petition. The respondent appeals from the resulting decree and order, raising numerous procedural challenges. We affirm.
Background. The petitioners filed three documents, all dated December 22, 2014, in support of their petition: a medical certificate signed by John C. Dorn, a licensed psychologist; a clinical team report signed by Dr. Dorn; and a medical affidavit signed by Diane F. Patrick, M.D.
At a preliminary hearing held on May 27, 2015, the judge asked counsel for the respondent whether he had a doctor ready to testify that the respondent was competent. Counsel responded, "As of today, well my doctor's testimony, if he does testify, would be more nuance[d]. It might just be [the respondent's] testimony, Your Honor. And cross-examination of the [petitioners'] doctor."
On July 13, 2015, the judge held a consolidated guardianship and substituted judgment hearing at Southpointe Rehabilitation and Skilled Care Center, the nursing home where the respondent was then residing. The hearing was not recorded. The petitioners offered two documents in evidence: the respondent's health care proxy,[4] which was admitted without objection, and a new medical certificate, signed by Dr. Patrick on June 29, 2015. The respondent objected to the medical certificate on the ground that the petitioners did not call Dr. Patrick as a witness, depriving the respondent of the opportunity for cross-examination.[5] The judge admitted the medical certificate "as it is a standard court document and the doctor who submitted the document is subject to cross-examination. ... However, the [r]espondent failed to subpoena Dr. Patrick. The [r]espondent also did not offer any medical testimony or opinion that contradicted the information contained in the [m]edical [c]ertificate."
On July 20, 2015, the judge signed the decree and order determining the respondent to be an incapacitated person and appointing the petitioners as her general guardians. The decree and order also authorized the respondent's admission to a nursing facility and treatment with antipsychotic medication in accordance with the June 29, 2015, medical certificate.[6] The treatment order was to be reviewed on or before July 13, 2016, and to expire on that date unless extended. The decree and order was docketed on September 3, 2015.
Discussion. 1. Substituted judgment/treatment order. The respondent challenges the admissibility of the evidence underlying the judge's determination that she was incapacitated and contends that she did not receive "a full evidentiary substituted judgment hearing regarding her treatment with antipsychotic medication." The treatment order before us, authorizing antipsychotic medication, expired sometime in 2016. See note 5, supra, and accompanying text. At oral argument, neither attorney was able to tell us whether there is a current medication treatment order for the respondent. As the order in question expired more than one year ago and no updated order has been presented to us, the respondent's appellate challenges to the substituted judgment component of the hearing, even if otherwise properly presented (but see infra ), would be moot. See Guardianship of Erma, 459 Mass. 801, 804 (2011).
Mootness notwithstanding, we are unable to evaluate the respondent's procedural challenges to the substituted judgment hearing due to the lack of an adequate record. The hearing was not recorded, and nothing in the respondent's proposed findings of fact and rulings of law, much less the judge's findings, reflects that the respondent's current procedural objections were made in a timely manner. The respondent has also failed to meet her burden, as appellant, to present us with a record sufficient to permit us to review her claims. See Commonwealth v. Montanez, 388 Mass. 603, 604-605 (1983) ; E.H.S. v. K.E.S., 424 Mass. 1011, 1012 (1997). For these reasons, we decline to address the respondent's challenges to the substituted judgment hearing and resulting treatment order.
2. Medical certificate. The respondent contends that the judge's appointment of the petitioners as guardians and approval of the respondent's placement in a nursing home violated her due process rights because Dr. Patrick's June 29 medical certificate was admitted without her being subject to cross-examination.
We discern no error of law or abuse of discretion in the judge's pragmatic decision to admit the medical certificate, which was made under the penalties of perjury, without live testimony, where the respondent had ample opportunity to arrange for the author to be present for cross-examination. The respondent knew from the outset that both Dr. Patrick and Dr. Dorn were potential witnesses. Dr. Patrick's original medical affidavit, filed with the petition, recommended continued treatment with antipsychotic medication. Dr. Patrick's affidavit stated that she had been the respondent's treating physician since February, 2014, almost one year before the guardianship petition was filed, and Dr. Dorn's medical certificate referred to Dr. Patrick as the respondent's primary care physician. At the preliminary hearing, held more than six weeks before the final hearing, respondent's counsel stated that he intended to conduct "cross-examination of the doctor." On this record, we are satisfied that the judge did not abuse his discretion in placing the burden on the respondent to arrange for Dr. Patrick's presence at the nursing home for the purpose of cross-examination.
The respondent also contends that the certificate should have been excluded as hearsay. The record does not reflect that the respondent ever raised this claim during the proceedings in the Probate and Family Court. Accordingly, the argument is waived, and we decline to consider it for the first time on appeal. See Weiler v. PortfolioScope, Inc., 469 Mass. 75, 86 (2014) ; Horner v. Boston Edison Co., 45 Mass. App. Ct. 139, 141 n.2 (1998).
In a single paragraph of her brief, without reference to relevant legal authority,[7] the respondent also contends that the judge erroneously considered Dr. Dorn's clinical team report, which was filed and docketed with the original petition, because it was not admitted in evidence during the hearing. This claim does not rise to the level of appellate argument, and we decline to consider it. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995). Even if we assume that it was error for the judge to consider Dr. Dorn's report, we discern no prejudice, as the aspects of the report that the judge discussed in his findings were cumulative of Dr. Patrick's medical certificate and the judge's observations of the respondent's testimony.
3. Health care proxy. The respondent contends that the judge "illegally and unnecessarily revoked" her health care proxy. We disagree. In general, a health care proxy can coexist with a guardianship, with the health care agent's decisions taking precedence over those of the guardian-unless a judge orders otherwise. See G. L. c. 190B, § 5-309(e ), inserted by St. 2008, c. 521, § 9 ("A guardian, without authorization of the court, may not revoke a health care proxy of which the incapacitated person is the principal. If a health care proxy is in effect, absent an order of the court to the contrary, a health-care decision of the agent takes precedence over that of a guardian"). Here, the judge found that the respondent had a valid health care proxy. The decree and order by its terms did not revoke the proxy, nor did the judge evince an intent to do so in his decisional memorandum when he stated, "[A]s the Court has found the [r]espondent to be incapacitated, the [p]etitioners shall make health care decisions for the [r]espondent."[8] The decree and order was consistent with the governing statute.
Decree and order affirmed.

At the time of the hearing, the respondent was eighty-five years old.

We use the first names of the respondent's children to maintain the respondent's confidentiality.

The health care proxy named petitioner Leslie as health care agent and petitioner Gilbert as alternate health care agent, with unlimited authority to make health care decisions on behalf of the respondent if she became incapable of making such decisions for herself.

A new medical certificate was required under G. L. c. 190B, § 5-306(b )(4), inserted by St. 2008, c. 521, § 9 (judge must find that "any required medical certificate is dated and the examination has taken place within 30 days prior to the hearing"). The record appendix does not indicate when the petitioners served Dr. Patrick's June 29 medical certificate upon the respondent. Counsel for the respondent represented at oral argument that he received it on July 8, and it was docketed one week after the hearing. In any event, the record before us does not reflect that the respondent objected to the certificate on notice grounds.

Dr. Patrick's medical certificate did not include a specific list of antipsychotic medications, but rather stated, "Please obtain from Southpointe N.H." The record includes a separate treatment plan, listing specific medications and dosages, endorsed by the judge on August 12, 2015, with an apparent review and expiration date of May 11, 2016.

The only case the respondent does cite, Santos, petitioner, 461 Mass. 565, 568 (2012), stands for the proposition that certain documents are statutorily admissible in sexually dangerous person proceedings even if they would be inadmissible hearsay under the common-law rules of evidence.

The decree and order further expressly declined to give the guardians authorization to revoke the proxy.