NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-671

DEVON SUSANNE SMITH[1]

vs.

AARON ALFRED SMITH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Devon Susanne Smith (mother), the former spouse of Aaron Alfred Smith (father), appeals from a Probate and Family Court judgment (contempt judgment) finding the mother guilty of contempt for violating (1) the parenting plan provision of the parties' separation agreement, which was incorporated into the judgment of divorce nisi (divorce judgment); and (2) a temporary order requiring the mother to facilitate the father's continuing access to their teenage child's location using the Life360 application (Life360 order).[2]  The mother contends that the first

---

[1] As is our custom, we use the names appearing on the joint petition for divorce, notwithstanding that the mother subsequently changed her surname.

[2] Life360 is a location-sharing application.

finding of contempt was erroneous because the parenting plan provision was not sufficiently clear and unequivocal to warrant a contempt finding.  As for the second finding of contempt, the mother contends that it was erroneous because she complied with the obligations outlined in the Life360 order.  We affirm.

Background.  On August 26, 2019, the parties filed a joint petition for divorce.  In their separation agreement, which was incorporated into the October 23, 2019 divorce judgment, the parties agreed to have shared physical custody of the child. The agreement included a parenting plan provision stating that the child would be in each parent's care on alternating weeks, which the parties described as a "week on/week off" schedule. The parenting plan provision further provided that the parties had a "common goal of creating a stable and secure environment for their child."  At the time, the child was eleven years old.

In August 2021, a breakdown of the relationship between the child and the father occurred.  The mother exacerbated this rift by failing to effectuate the "week on/week off" parenting schedule.  On November 1, 2021, after a hearing on the father's complaint for contempt, a judge of the Probate and Family Court (first contempt judge) found the mother to be in contempt of the divorce judgment based on her failure to "ensure[] the [f]ather's parenting time."  After a hearing on another complaint for contempt filed by the father, the first contempt

2

judge again found the mother in contempt of the divorce judgment, on the same grounds, on April 7, 2022.

When the child began consistently running away from the father's house during the father's designated parenting weeks, a different judge, who later presided over the contempt proceedings at issue here (second contempt judge), issued the Life360 order on April 25, 2023, requiring (1) "the parties [to] work together to ensure that the parties, and only the parties, always have unrestricted access to the child's location"; and (2) the mother to create a Life360 account for the family (so that both parents could track the child's location through his cell phone), and create a password to prevent the child from disabling the location settings.

The father then filed another complaint for contempt on August 28, 2023, which is at issue in this appeal. After an evidentiary hearing before the second contempt judge, the mother was adjudicated guilty of contempt of both the parenting plan provision of the divorce judgment and the Life360 order. Finally, the second contempt judge ordered the mother to pay for the father's reasonable attorney's fees and costs, in the amount of $18,945.43. The mother timely appealed from the resulting contempt judgment.

Facts. We summarize the facts as found by the second contempt judge, supplementing them with undisputed facts in the

3

record, after an evidentiary hearing on the present complaint for contempt. In April 2023, the parties attempted to resume the "week on/week off" parenting schedule. The child was resistant to spending time at the father's house and routinely shut himself in his room and ignored the father altogether. The child would leave the father's home early in the morning and not return until late at night. As a result, for long stretches of his parenting time, the father did not know the child's location. The mother did not have the same issues during her parenting time.

After the second contempt judge issued the Life360 order, the child continued leaving the father's house early and coming home late, but also began leaving his phone at a set location during the day in order to avoid being tracked via the Life360 application. Specifically, the application showed that the child left his phone at Mount Holyoke College. The mother was employed by Mount Holyoke College, but she did not have an office space there, so she worked in the campus library when she was not working from home. The father reported to the mother that the application showed the location of the child's phone in the campus library.

The child also avoided being tracked by simply turning off his phone during the father's parenting weeks. The mother and her husband maintained a spare cell phone under their family

4

phone plan. The child used this phone at least once while in the mother's home. The mother claimed that the spare phone was password-protected, and that the child did not know the password, which the second contempt judge did not find credible.

Beginning on August 1, 2023, the child stopped going to the father's house during his scheduled parenting time and instead began spending that time at the home of the mother's friend. The mother would drop the child off at the end of the father's driveway every other Sunday. The mother would then drive away, ostensibly to prevent the child from getting back into her car. The mother never walked the child to the door of the father's house. The mother never stayed to watch the child go into the father's house. The father repeatedly notified the mother that the child had not come inside his house and was not staying there.

The second contempt judge found that the mother knew that the child was staying with her friend during the father's parenting time.[3] The child continued spending the father's

_____

[3] The mother testified that she did not know the child's location during the father's parenting weeks from August 1 to September 12, 2023. The second contempt judge did not credit this testimony and instead found that "the [m]other has consistently known of [the child's] location [at her friend's residence] and how he arrives at [her friend's] residence." The second contempt judge also found that "the [m]other . . . was consistently aware of [the child's] safety with [her friend]." The mother admitted that she was aware that the child was staying with her friend as of September 12, 2023.

designated parenting weeks at the mother's friend's home for at least six months.  The father asked for the mother's help locating the child, but the mother refused.  The father did not know where the child was staying during his designated parenting weeks until the mother told him in October 2023.  And even after informing the father that the child was staying with the mother's friend, the mother did not provide the father with her friend's address.

Discussion.  1.  Standard of review.  We review a contempt finding for an abuse of discretion.  Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018).  A civil contempt finding requires "clear and convincing evidence of disobedience of a clear and unequivocal command."  Birchall, petitioner, 454 Mass. 837, 853 (2009) (Birchall).[4]  The judge shall consider "the totality of the circumstances" (citation omitted).  Smith, supra.

2.  Contempt of divorce judgment.  For the first time on appeal, the mother argues that the second contempt judge erred in finding her guilty of contempt for violating the parenting

---

[4] The second contempt judge and the mother both mistakenly cite to the now-superseded "clear and undoubted disobedience of a clear and unequivocal command" (emphasis added) standard that the Supreme Judicial Court expressly rejected in Birchall, 454 Mass. at 853.  In Birchall, the Supreme Judicial Court raised the standard of proof from a preponderance of the evidence to clear and convincing evidence and also clarified that "the disobedience must be clear, but need not be beyond doubt."  Id.

6

plan provision of the divorce judgment because it did not constitute a clear and unequivocal order.  The father asserts that this argument is waived.  We agree with the father that the issue is waived.

"An issue not raised at the trial court is not entitled to review here."  Edgar v. Edgar, 406 Mass. 628, 629 (1990).  Because the mother did not challenge the parenting plan provision's clarity in the contempt hearing, she did not preserve that issue for appellate review, and it is therefore waived.  See Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997) ("Objections, issues, or claims -- however meritorious -- that have not been raised at the trial level are deemed generally to have been waived on appeal").  Accordingly, we do not consider it.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).[5]

3.  Contempt of Life360 order.  The mother argues that she complied with the plain language of the Life360 order and asserts that there was no clear and convincing evidence that she

---

[5] If we were to reach the merits of this issue, we note that this was the mother's third finding of contempt for failing to facilitate the father's parenting time.  That procedural history provides strong evidence that the mother had fair notice that her failure to take reasonable steps to share any information about the child's location with the father during his parenting time would constitute contempt of a court order.

restricted the father's access to the child's location.  We disagree.[6]

The mother argues that she adhered to the express language of the Life360 order, specifically by creating a Life360 account for the family and protecting it with a password to prevent the child from disabling the location settings.  But the record supports the second contempt judge's finding that the mother knew that the child was staying with her friend during the father's parenting time for six months beginning in August 2023, and that she failed to inform the father of the child's location when she knew it and he asked her directly.  The record also supports the second contempt judge's finding that this was a clear violation of the order's language that "[t]he parties shall work together to ensure that the parties, and only the parties, always have unrestricted access to the child's location."[7]  The fact that the mother's restriction of the father's knowledge of the child's location was by verbal

------

[6] The mother does not dispute that the Life360 order was clear and unequivocal.  Therefore, we do not address that issue.

[7] The second contempt judge also found that the mother had given the child her family's spare cell phone during the father's parenting time to circumvent the father's ability to track the child with the Life360 application.  Nothing in the record shows that this finding of fact was clearly erroneous.

omission, rather than via the Life360 application, is not a material distinction.

We discern no abuse of discretion in the second contempt judge's finding that the mother was in contempt for violation of the Life360 order.[8]  See Smith, 93 Mass. App. Ct. at 363.

Judgment dated March 5, 2024, affirmed.

By the Court (Sacks, Smyth & Wood, JJ.[9]),

Clerk

Entered:  October 24, 2025.

---

[8] The mother's request for appellate counsel fees is denied.

[9] The panelists are listed in order of seniority.