NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

17-P-765                                        Appeals Court

AMANDA L. SMITH  vs.  ROBERT SMITH.

No. 17-P-765.

Essex.       February 6, 2018. – June 7, 2018.

Present:  Wolohojian, Agnes, & Englander, JJ.


Divorce and Separation, Alimony, Modification of
     judgment.  Contempt.  Laches.  Estoppel.



     Complaint for divorce filed in the Essex Division of the
Probate and Family Court Department on May 1, 2009.

     A complaint for contempt, filed on March 10, 2016, was
heard by Theresa A. Bisenius, J.


     Lisa Stern Taylor for the wife.
     Cheryl Garrity for the husband.


     ENGLANDER, J.  In this case we consider the legal effect of

a series of postdivorce agreements between former spouses which

reduced court-ordered alimony, where those agreements were

reached without court approval.  After a trial on a complaint

for contempt, a Probate and Family Court judge found that the

former husband had "detrimentally relied" on the postdivorce

agreements, and the judge gave effect to those agreements by "modifying" the alimony obligation retroactively (but not prospectively) such that the husband was relieved from paying alimony that had gone unpaid. The judge also found the husband "not guilty" of civil contempt as to the nonpayment of alimony. We affirm the judgment of no contempt. However, because the judge's order does not apply the correct legal standard and thus does not provide sufficient findings to support the retroactive modification of alimony, we reverse and remand as to that issue.

Background.[1]  The husband and the wife were married in 1983 and divorced in 2010. The parties entered into a divorce agreement on April 14, 2010, which set alimony at $650 per week. The agreement specifically provided that "matters concerning alimony" would merge into the divorce judgment, and would be "modifiable by the [c]ourt in the event of a material change in circumstances." The judgment of divorce entered April 26, 2010, and incorporated the divorce agreement with respect to alimony. Between August, 2011, and August, 2015, the husband paid alimony at a rate that was less than the rate set in the divorce agreement. The husband reduced the amount paid nine separate times, beginning at $2,000 per month in August of 2011, and reducing to, at the end, $800 per month by September of 2014.

---

[1] We set forth those facts that are undisputed, as well as the facts found by the trial judge. The wife does not challenge any of the court's subsidiary findings as clearly erroneous.

The judge found that the husband and the wife agreed to these reduced rates. No complaint for modification was filed with the court in connection with any of the reductions. In August, 2015, after receiving a letter from the wife's lawyer, the husband resumed paying alimony equal to $650 per week, and thereafter continued to make those payments. In total, over a roughly four-year period from 2011 to 2015, the husband paid $87,400 less alimony than the amounts called for by the divorce agreement.

On March 10, 2016, the wife filed a complaint for contempt, the resolution of which leads to this appeal. As part of that complaint the wife sought the $87,400 arrearage. The husband answered that the wife had agreed to the alimony reductions, and that as a result he had made payments to cover costs for their emancipated children that he otherwise would not have made. He argued that these facts gave rise to defenses of estoppel and laches. After trial, the judge found the husband "not guilty" of civil contempt; she also entered an order "retroactively modif[ying]" the husband's alimony obligation so that it matched the amounts he actually paid between 2011 and 2015. The judge found:

> "that the parties made agreements with one another at numerous dates between June, 2011[,] and December, 2015[,] for defendant to pay and plaintiff to receive reduced amounts of alimony. Plaintiff testified that she agreed to those changes and further testified that the parties

discussed each change either on the telephone or through [electronic mail]. In reliance upon the reductions in alimony, defendant assumed additional financial responsibilities with reference to the parties' children, albeit emancipated children. Defendant paid graduate school tuition for the parties' daughter; he paid monies toward the daughter's wedding; he gave both the daughter and one son money toward a down-payment on their first home; [and] he assisted one son in the payment of liabilities."

The wife appeals.

Discussion. 1. Contempt. We first address the charge of contempt. To prove civil contempt a plaintiff must show two elements: there must be (1) clear disobedience of (2) a clear and unequivocal command. See Birchall, petitioner, 454 Mass. 837, 852 (2009). The contempt must be proved by clear and convincing evidence, and the court is to consider "the totality of the circumstances." Wooters v. Wooters, 74 Mass. App. Ct. 839, 844 (2009). Here, the judge found the husband not in contempt, citing the agreements between the husband and the wife that specifically contemplated that the husband would pay the reduced alimony that he actually paid.

We review the judge's ruling that the husband was not in contempt for abuse of discretion, see L.F. v. L.J., 71 Mass. App. Ct. 813, 821 (2008), and here the ruling must be affirmed. The wife's position is that because the divorce agreement and judgment was clear as to the husband's alimony obligations and also clear that those obligations could only be modified by

court order, a contempt finding must follow essentially as a matter of law, because the husband admittedly did not pay the amount required or obtain modification by the court. That position cannot be accepted, however, as it would require a finding of contempt based only upon violation of a "clear and unequivocal command"; the contention ignores the additional requirement that the plaintiff show "clear and undoubted disobedience."

The case law demonstrates that not every violation of a clear order will constitute contempt, and thus that the requirement to prove "clear disobedience" has teeth. For example, a person cannot be found in contempt of an order to pay money that he or she is unable to pay. See Birchall, petitioner, 454 Mass. at 852. And in Wooters, 74 Mass. App. Ct. at 844, this court ruled that a supporting spouse had failed to pay the alimony required by a court order, but nevertheless ruled that there was no contempt: "In our view, the husband's disagreement or misunderstanding of the issue does not constitute clear and undoubted disobedience of a clear and unequivocal command." While the decision in Wooters could be found to rest on either prong of the contempt standard, it plainly stands for the proposition that the violation of an order to pay alimony does not necessarily require a finding of contempt.

The husband's actions must be judged in the totality of the circumstances, and here the judge found (1) that the wife had agreed, in advance, to the reductions in alimony, and (2) that in reliance thereon, the husband had made the payments agreed upon and also had changed his behavior, to his detriment, by assuming "additional financial responsibilities" with respect to the parties' emancipated children. It was within the judge's discretion to conclude there was no "clear and undoubted disobedience" on these facts.[2]

2. The retroactive alimony modification. The judge also ordered that "[t]he defendant's alimony obligation is retroactively modified to the amounts paid through June 14, 2016." This modification was based on the same findings that supported the decision that the husband was not in contempt.[3] As noted above, however, the two issues are distinct; a party may

_____

[2] The wife states, in her brief, that she only agreed to the alimony reductions because the husband called her on the telephone and "yelled at her." To the extent the wife is arguing that the judge's finding that she agreed to the alimony reductions is clearly erroneous (no such argument is expressly made), we reject the contention. Both the wife and the husband testified at trial, and it was for the judge to resolve any conflicts in the testimony. Here, there was sufficient evidence for the judge to find that the wife agreed to the alimony reductions; implicit in that finding is that the agreements were not coerced.

[3] The husband did not file a separate complaint for modification, but none was required. The judge could properly modify the alimony provision as part of her ruling on the contempt complaint. See Emery v. Sturtevant, 91 Mass. App. Ct. 502, 513 (2017).

not be in contempt, yet still owe alimony under the existing court order.  See Wooters, 74 Mass. App. Ct. at 841-844.  See also Poras v. Pauling, 70 Mass. App. Ct. 535, 541-543 (2007). The issue here is whether the judge's retroactive modification is properly supported by the judge's findings.

The judge's analysis and findings in this case were not sufficient to justify the retroactive modification of alimony. The relevant analytical framework begins with the Supreme Judicial Court's decision in Pierce v. Pierce, 455 Mass. 286, 305 (2009), in which the court confirmed that a Probate and Family Court judge has the authority to reduce or eliminate an alimony obligation, even as to alimony payable in arrears.  The court in Pierce was confronted with a request to retroactively modify alimony because the supporting spouse had retired, and in that context the court held that retroactive modification was within the judge's discretion, but that the judge must first make findings "reflecting her consideration of all the factors mandated by G. L. c. 208, § 34."  Id. at 306.  By citing § 34, the Pierce court invoked the established framework for setting alimony, which includes a number of considerations such as the length and history of the marriage, the ages of the parties, and

the parties' respective financial situations, needs, and earning capabilities.[4]  See id. at 295.

Additionally, prior to the decision in Pierce, the case law had also established that an alimony order could only be modified upon a showing of a "material change of circumstances."  Schuler v. Schuler, 382 Mass. 366, 368 (1981).  See Binder v. Binder, 7 Mass. App. Ct. 751, 754 (1979); Kelley v. Kelley, 64 Mass. App. Ct. 733, 739-740 (2005).  In general, courts considering modification under this test have looked to the § 34 factors when evaluating the relevant "circumstances."  See, e.g., Griffith v. Griffith, 24 Mass. App. Ct. 943, 945 (1987); Kelley, supra at 739 & n.6.

Because the judge in this case did not address the § 34 factors, the judge's ruling cannot be squared with the Pierce case, and the retroactive modification portion of the judgment must be reversed and the matter remanded for additional consideration and findings.  On remand, the judge should

---

[4] After Pierce was decided and after the divorce judgment in this case, the Legislature enacted the Alimony Reform Act of 2011 (Act).  That Act included a new section, G. L. c. 208, § 53, which made explicit the considerations for setting alimony.  The new § 53 does not apply retroactively to a modification of the 2010 divorce judgment at issue.  See Chin v. Merriot, 470 Mass. 527, 531 (2015) ("These provisions reflect the Legislature's intent that the act apply prospectively except as to 'durational limits'"); Rosenwasser v. Rosenwasser, 89 Mass. App. Ct. 577, 590 n.11 (2016).  See also Hassey v. Hassey, 85 Mass. App. Ct. 518, 524 (2014) ("The Act makes no change in the fundamental purpose of alimony . . .").

consider and evaluate the factors enumerated in § 34, including whether there has been a "material change in circumstances" with respect to those factors since the divorce judgment entered.  In this connection the appropriate circumstances for consideration may include postdivorce conduct of the parties such as are present here, where a former spouse made certain statements and the other spouse detrimentally changed position in reliance thereon.[5]  Those facts, however, should be considered in the broader context of all the relevant § 34 factors, and any other material postdivorce changes to same.[6]  In so ruling, we do not mean to suggest, or to foreclose, any particular outcome after further consideration.[7]

We have considered whether the equitable defenses of estoppel and laches, raised by the husband, can provide an independent basis for avoiding a claim for alimony owed in

---

[5] A further consideration is whether such reliance was reasonable under the circumstances.  See, e.g., Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 125 (1992).

[6] We note that the new G. L. c. 208, § 53(e), which does not apply in this case, but which sets forth the alimony factors to be applied in the future under the Act, expressly invites consideration of "any other factor that the court deems relevant and material."  Id. at § 53(e)(9).

[7] Although a judge may, in appropriate circumstances, retroactively modify alimony, it does not follow that such relief will always be afforded simply because the parties have reached an agreement -- without court involvement -- to reduce the payor's alimony obligation.  Indeed, where no court approval has been obtained, the parties proceed at their own risk.

arrears, or whether an analysis of the § 34 factors will always be required. In this context we believe that those equitable defenses are not independently available. The case law indicates that laches is not a defense to such claims. See Brash v. Brash, 407 Mass. 101, 104-105 (1990) (laches not a defense to an action for the division of property under § 34). See also Bullock v. Zeiders, 12 Mass. App. Ct. 634, 636-637 (1981). As to estoppel, we think the better rule is that any facts which might give rise to an estoppel should be considered in the context of the § 34 factors. Accordingly, even where all the elements of estoppel are shown, the judge must still evaluate the remaining § 34 factors, so that the relevant context is known before determining whether a defendant should be relieved from an unpaid alimony obligation.

The judgment finding the husband not guilty of civil contempt is affirmed. That portion of the judgment retroactively modifying the husband's alimony obligations is vacated, and the case is remanded for further proceedings consistent with this opinion.

So ordered.