NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-245

MARGARETE K. O'HAGAN

vs.

ROBERT T. O'HAGAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Margarete K. O'Hagan (wife), appeals from a judgment of the Probate and Family Court declining to find the defendant, Robert T. O'Hagan (husband), in contempt of the parties' divorce judgment. We affirm.[1]

Background. The parties divorced in 2018. Their divorce agreement, which was incorporated in and merged with the judgment, required the husband to pay to the wife a fixed weekly sum, plus "additional alimony" equal to twenty-five percent "of all amounts earned in each year of salary, bonus and sums he receives as income from cashing in stocks and stock options that he reports for income tax purposes and receives as part of his

_____

[1] Although the docket entries reflect that the notice of appeal was filed one day late, we have confirmed with the Probate and Family Court that the notice of appeal was actually filed timely on December 6, 2021.

annual income, over $250,000.00 per year."  In the same sentence, the divorce agreement specified the timing by which the husband was to make that payment, the requirement that he document his prior year's bonus by providing a copy of his W-2 form, and the directive that he make the payment by "check in an amount equal to twenty-five percent . . . of his gross income above $250,000."

In January 2020, the husband's employer provided him a "special one-time [r]ecognition [a]ward" in the amount of $100,000 cash, in recognition of his "critical contributions" to his employer's recent acquisition of another company.  The recognition award specified that "this payment does not constitute 'basic earnings'" for the purposes of the employer's benefits or its pension plan.  In order to receive the recognition award, the husband had to accept terms and conditions that required that, if he voluntarily left employment or was terminated for cause under certain conditions, within thirty days of his departure, he would repay a specified portion of the recognition award.

In June 2021, the wife filed a complaint claiming that the husband was in contempt of the divorce judgment because he had failed to pay her twenty-five percent of the recognition award. After a hearing, a judge found the husband not in contempt and dismissed the wife's complaint.

2

Discussion.  To establish contempt, a plaintiff must prove, by clear and convincing evidence, "a clear and undoubted disobedience of a clear and unequivocal command" (citation omitted).  Birchall, petitioner, 454 Mass. 837, 851 (2009).  See Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018).  As the plaintiff, the wife bore the burden of proving contempt by clear and convincing evidence, and the judge was to consider "the totality of the circumstances."  Voorhis v. Relle, 97 Mass. App. Ct. 46, 54 (2020), quoting Wooters v. Wooters, 74 Mass. App. Ct. 839, 844 (2009).

The wife attempted to meet her burden by asserting that the husband disobeyed the additional alimony provision of the divorce agreement when he failed to pay her twenty-five percent of the recognition award.  As mentioned above, the additional alimony provision required the husband to pay to the wife twenty-five percent of "all amounts earned in each year of salary, bonus and sums he receives as income from cashing in stocks and stock options that he reports for income tax purposes and receives as part of his annual income."  At first, the wife sought to interpret that language by focusing on the phrase "sums he receives as income," omitting the following words "from cashing in stocks and stock options."  When that argument did not succeed, the wife argued that the use of the term "gross income" in describing the amount to be tendered in the check

3

meant that the additional alimony should be calculated based on all of the husband's gross income, which would encompass the recognition award. The judge disagreed, without specifying whether she found that there was no "clear and unequivocal command," or no "clear and undoubted disobedience" of such a command, or both. Birchall, petitioner, 454 Mass. at 851.

At oral argument, the wife expanded on this interpretation, arguing that the reference in the additional alimony provision to the husband's W-2 form meant that the husband was required to pay to the wife twenty-five percent of any amount above $250,000 reported as "gross income" on the W-2 form, regardless of whether it met the definition of "salary, bonus and sums he receives as income" from certain cashed-in stock options.

We conclude that the judge did not abuse her discretion in declining to find the husband in contempt for failure to pay the wife twenty-five percent of the recognition award. See Jones v. Jones, 101 Mass. App. Ct. 673, 688 (2022). The judge could conclude that the recognition award did not fall within any of the three categories of income specified in the additional alimony provision: "salary," "bonus," or "sums [the husband] receives as income" from cashing in stock options. That is particularly true because of the requirement that the husband repay the recognition award if he left his employment in certain circumstances. As to the wife's attempt to interpret the

4

subsequent reference to "gross income" as broadening the definition of income beyond those three categories, that interpretation is strained at best.  The judge did not abuse her discretion in concluding that the husband's failing to abide by that interpretation did not amount to undoubted disobedience of a clear command.  See Birchall, petitioner, 454 Mass. at 851.

Judgment affirmed.

By the Court (Ditkoff,
  Singh & Grant, JJ.[2]),

Joseph F. Stanton

Clerk

Entered:  February 14, 2023.

---

[2] The panelists are listed in order of seniority.