NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-755

COLLEEN E. MOTHANDER

vs.

MATTHEW MOTHANDER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff mother appeals from judgments on a complaint for modification and a complaint for contempt. We affirm.

Background. The mother and defendant father were divorced in 2019. They had entered into a separation agreement including child-related provisions that merged into the judgment of divorce. As to the children's education, the separation agreement provided as follows:

> "[W]hile the children are currently enrolled in private school for the academic year 2019-2020, it is the intention of the Husband and the Wife for the children to explore Boston Public School options for the academic year 2020. Enrollment in choice Boston Public Schools is by lottery, and Husband and Wife understand enrollment is not guaranteed. Neither party shall unilaterally, without the written agreement of the other parent, enroll the children in any Public school or other private school. If the Husband and Wife jointly agree to keep the children in private school, prior to such enrollment they shall attempt to agree on the allocation of the cost for such private school education."

Consistent with the agreement, the parties entered the children's names in the Boston public school system's lottery. Only one of the children was awarded a seat, at the Henderson School. Because it was important to the parties that their children attend the same elementary school, they declined the seat and did not enroll their child in that school.

Due to the COVID-19 pandemic, the mother lost her employment, could no longer afford to live in her apartment in the Dorchester section of Boston, and moved back into the Wellesley home where her mother, the maternal grandmother, lived. At all relevant times, the father remained a resident in Boston, in the South Boston section of the city, in the former marital home.

In June of 2020, the mother filed a complaint for modification seeking permission to enroll the children in Wellesley public schools. They were then enrolled in South Boston Catholic Academy, the private school in which they had been enrolled at the time of the separation agreement and to which the separation agreement made reference.

The mother also appropriately filed a motion for temporary orders, seeking approval to enroll the children in the Wellesley public school system. That motion was denied, and the court ordered that the "[c]hildren shall remain at school attended for 2019-2020 academic year at Father's expense."

2

Two months before the trial, in March 2021, the father re-enrolled the children in South Boston Catholic Academy for the 2021-2022 academic year.  It is clear that this was permitted by the separation agreement, which prohibited unilateral enrollment of the children only "in any [p]ublic school or other private school" (emphasis added).

The next month, the mother enrolled both children in Wellesley public schools for the upcoming 2021-2022 school year.  We may assume without deciding that she took this step purely as a protective measure in order to ensure that the children would have guaranteed seats at the elementary school nearest to her residence, in the event that her complaint for modification was allowed; in any event, that enrollment did not bind the children to attend the Wellesley public schools in the fall, nor impose any impediment to their return to the South Boston Catholic Academy.  The children at no time actually attended any Wellesley public school.

The father filed two complaints for contempt, dated May 13, 2021, and June 10, 2021.  Service of neither complaint was perfected.  These complaints, the second one of which was a duplicate of the first, asserted that mother violated a clear and unequivocal court order by enrolling the children in the Wellesley public schools.

After trial on the complaint for modification, the judge on November 9, 2021, entered a judgment and findings, concluding that there had been a material change in circumstance, but allowing only in part and otherwise denying the mother's complaint for modification. The judge wrote, "As the [p]arties are unable to come to an agreement regarding where the children shall attend school, the Court orders that the [c]hildren shall either remain at South Boston Catholic Academy until the sixth (6th) grade or they shall be enrolled in the Boston Public Schools utilizing [f]ather's address for the current academic year and subsequent years through high school. . . . Nothing in this [j]udgment prevents the parties from mutually agreeing in writing to enroll the children in another private or public school system." The mother filed a timely notice of appeal.

The trial judge also found the mother in contempt in a single judgment on the father's duplicate complaints. The mother filed a timely notice of appeal of that judgment as well. The mother subsequently filed a motion to vacate the contempt judgment due to the failure of service. The judge stayed the contempt judgment only. The second complaint for contempt was finally served in March, 2022. The judge allowed the motion to vacate the contempt judgment, and, in light of service being perfected, set the matter for hearing.

4

After hearing, the judge found the mother guilty of contempt "for having willfully neglected and refused by clear and convincing evidence to abide by Parties['] Separation Agreement. Mother unilaterally enrolled the children in a public school. The judgment is a clear and unequivocal order. Mother did not discuss with Father enrolling children in Wellesley Public prior to doing so. Nor did father agree with enrolling the children in public school."

The mother filed a notice of appeal from the judgment on the complaint for contempt.

Discussion. On appeal, the mother argues that the trial judge failed to properly determine whether enrollment in the Wellesley public school system was in the children's best interests as required by the statute. See G. L. c. 208, § 28. We disagree. Even assuming that, as the mother asserts, the academics of the Schofield School in Wellesley are stronger than those of the South Boston Catholic Academy -- which we certainly do not decide -- that is not the only consideration in assessing the children's best interests. For example, differences in commuting time, difficulties imposed on one or another parent by the change of school, reduction in the father's time at home with the children due to an increased commute, alterations in the children's schedules with respect to the amount of time they would have in the father's home with the father (or before

5

having to leave the house for their hockey practice), the impact on their friendships and participation in other sports -- to name just a few -- all are proper considerations in making a determination of the children's best interests.  Indeed, the fact that South Boston Catholic Academy was agreed on by the parents as the appropriate school for the children at a time when they both lived in Boston is evidence relative to the children's best interests.

The details of the "pros and cons" for the children of enrollment in the Schofield School in Wellesley and in South Boston Catholic Academy are well known to the parties and will not be repeated here.  The mother argues that the trial judge erred because she did not accept the mother's conclusion that the shortcomings of South Boston Catholic Academy with respect to each child compelled a finding that the school was "not meeting the children's needs."  See Hunter v. Rose, 463 Mass. 488, 494 (2012) ("the judge must weigh all relevant factors in determining the best interests of the child" [quotation and citation omitted]).  We see no error; the fact that one school might offer certain advantages over the other does not, in and of itself, require a conclusion that the other school does not meet the children's needs.  Nor was the judge required to determine as the mother suggests that it was in the children's best interests to attend the Schofield School because of the

6

cost savings to the father that would result from enrollment at a public rather than a private school.

The mother challenges the judge's treatment of her claim that diversity of the student body is important to her, and that the diversity at the Schofield School is more robust than that of South Boston Catholic Academy. We do not read the judge to have said, as the mother contends, that if she wanted a diverse environment for her children, she should not have moved from Dorchester to Wellesley. Rather, the judge appears to have been suggesting that the credibility of the mother's expression of concern about ensuring an ethnically diverse environment for her children was undermined by her decision to move from the more ethnically diverse Dorchester to Wellesley. Nor do we agree with the mother's characterization of the judge's opinion as asserting that the mother had to obtain the father's permission before moving. Rather, the judge noted that there was no discussion of the consequences on the joint parenting of the children before the mother moved to Wellesley without previously informing the father that she intended to do so.

In the end, therefore, we see no abuse of discretion or other error of law in the trial judge's determination that a change of enrollment to the Wellesley public schools was not in the children's best interests.

As to the contempt, although the mother did not in fact ultimately send the children to the Wellesley public schools without the father's assent, her enrollment of the children there was a "clear and undoubted disobedience" of the clear language of the settlement agreement.  Shaw v. Commonwealth, 354 Mass. 583, 587 (1968).  The question of contempt does not depend on whether the children attended the Wellesley public schools; under the express terms of the parties' agreement, it was a violation for either party "unilaterally, without the written agreement of the other parent, [to] enroll the children in any [p]ublic school or other private school."  Indeed, the previous year, rather than taking unilateral action, the mother had properly sought temporary orders in order to protectively enroll her children in the Wellesley public schools, although it was denied.  When it comes to violating a clear judicial command, seeking forgiveness rather than permission is not an appropriate approach.  We see no abuse of discretion in the judge's finding

of contempt.  See Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018).

The judgments on the complaint for modification and complaint for contempt are affirmed.

So ordered.

By the Court (Green, C.J., Rubin & Massing, JJ.[1]),

Clerk

Entered: June 28, 2023.

---

[1] The panelists are listed in order of seniority.