NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1019

E.K.

vs.

C.T.,[1] personal representative.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This contempt matter arises from a divorce judgment that entered in 2008 (divorce judgment).  The plaintiff in contempt is the special personal representative (SPR) of the estate of the husband, who died in 2017.  The SPR initiated this proceeding in 2019, alleging that the wife had failed to transfer shares of DuPont stock to the husband in 2008, as required by the divorce judgment, and that the wife also had improperly continued to receive and retain DuPont dividends since that date.  After an evidentiary hearing, the judge found the wife "not guilty" of contempt, because the SPR failed to show both (1) "a clear and unequivocal order," and (2) "clear

_____

[1] As successor special personal representative, appointed after the death of M.R., special personal representative of the estate of J.K., who died on October 24, 2022.
[2] Of the estate of J.K.

disobedience" by the wife.  Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018).  Among other things, the judge found that the wife had complied with an order requiring delivery of the DuPont stock certificates to the husband's attorney in 2008, but that thereafter, the husband "never took steps to transfer the stock."  The judge further declined to order the wife to pay the estate the dividends she had received and retained.

For the reasons that follow, we affirm the finding of no contempt.  However, we conclude that the divorce judgment was sufficiently clear that once it entered, the DuPont stock and any dividends thereon would be the property of the husband.  We accordingly remand this matter for further consideration of the estate's claim to reimbursement of the amount of the dividends received by the wife.

Background.  1.  The divorce judgment.  Husband and wife were married in 1968 and divorced in 2008 after contentious litigation and a trial.  The 2008 divorce judgment divided the marital assets and stated among other things that "Husband shall retain as his individual property" "2340 shares of DuPont."  The judge's rationale, which accompanied the divorce judgment, further stated:

> "[The parties] . . . jointly acquired DuPont stock in 1968
> . . .  The Wife has received all of the dividend income
> from this stock since the parties['] separation.  The
> Husband shall receive this stock in the division of assets
> in order to equalize the parties['] assets so this income

2

shall no longer be included in the Wife's income stream and $66.53 per week shall be added to his income."

One month after the divorce judgment entered, in April of 2008, the parties agreed to an amendment to the divorce judgment (April 2008 amendment), as follows:

"Husband and Wife hereby stipulate that Wife shall deliver to Husband's counsel by Friday, April 18, 2008 by 4:00 P.M. the [DuPont] stock certificates. . ."

The wife delivered the DuPont certificates to husband's counsel, as directed by the April 2008 amendment. The DuPont shares, however, were never transferred into the husband's name prior to his death in 2017.[3] The wife accordingly continued to receive dividends from the shares by "direct deposit," as she had during the marriage.

2. The contempt proceeding. In the contempt complaint, the SPR claimed that the wife had violated the 2008 divorce judgment by "never transferring" the DuPont stock, and by continuing to receive and to deposit the dividend checks. The judge held a hearing on the contempt complaint in 2020, at which the wife and the family's investment advisor testified. The judge found that the wife had delivered the stock certificates to the husband's attorney, as directed by the April 2008 amendment to the judgment. The judge further found that the

_____

[3] The DuPont shares were apparently transferred to the estate after the husband's death, although this fact is not specifically included in the judge's findings.

3

wife "made efforts to perfect the [stock] transaction to the best of her ability," in particular by conferring with the husband's counsel and with a special master assigned to the matter, both of whom advised her to "wait until the [husband] transferred the stock."

The judge concluded (1) that the divorce judgment did not clearly state that the wife could "not collect the dividends" (emphasis in original), and (2) that in any event, the wife's actions did not constitute clear disobedience. Having found no contempt, the judge went on to consider whether the wife should pay to the husband's estate any dividends she had received after the husband's death; the judge concluded, however, that she did not have sufficient evidence to fashion such an order.

Discussion. To prove civil contempt a plaintiff must show two separate elements -- "(1) clear disobedience of (2) a clear and unequivocal command." Smith, 93 Mass. App. Ct. at 363. Here the judge ruled that the divorce judgment did not contain a "clear and unequivocal command" as to what the wife must do to effect a transfer of the DuPont shares, but we do not rest our affirmance on that ground. While it is true that neither the divorce judgment nor the April 2008 amendment directed the wife to do more than deliver over the stock certificates (which the wife did), we nevertheless conclude that when read together with the rationale (as is reasonable), the judgment plainly directed

4

that the DuPont shares were to be the husband's property, and that all dividends would belong to him.  The rationale made this clear:  "The Wife has received all of the dividend income from this stock since the parties['] separation.  The Husband shall receive this stock in the division of assets . . . <u>so this income shall no longer be included in the Wife's income</u>" (emphasis added).  Under the divorce judgment, the husband was entitled to receive the dividends.[4]

That is not the end of the matter, however, because to demonstrate contempt, the plaintiff also was required to show "clear disobedience" by the wife.  "The case law demonstrates that not every violation of a clear order will constitute contempt, and thus that the requirement to prove 'clear disobedience' has teeth."  <u>Smith</u>, 93 Mass. App. Ct. at 363-364.  And as to her finding of no "clear disobedience," the judge's

---

[4] At one point, the judge's order on the complaint for contempt suggests that the rationale may not be important in evaluating whether there has been a contempt; the judge states that "[a] rationale is an explanation of an order or judgment; it is not a court order."  The judge's comment came in the context of evaluating whether the divorce judgment was "clear and unequivocal," but we do not understand the judge to be saying that the rationale is not relevant.  To the contrary, although the rationale may not itself be an order, the rationale can be highly relevant in construing the meaning of a court order, to the extent the order is less than clear.  See, e.g., <u>Poras</u> v. <u>Pauling</u>, 70 Mass. App. Ct. 535, 543, 546 (2007) (looking to judge's contemporaneous and subsequent statements in construing contempt judgment).  We consult the rationale for that purpose here.

5

ruling is on very solid ground.  As noted, the wife complied with the specific direction in the April 2008 amendment. Nothing in that amendment said anything about the dividends, and one can infer that the parties were satisfied that once the wife delivered the certificates, the husband would take the appropriate steps to place the stock in his name and thereby receive the dividends.  The husband, however, did not take any additional steps to place the stock certificates in his name. Moreover, the judge found that the wife -- knowing that she was still receiving the dividends -- took steps to determine what to do, by consulting with both the husband's lawyer and the special master.  The judge found that the wife then followed the advice that she received, which was to wait until the husband effected the transfer.  As the judge found, none of this conduct amounted to clear disobedience.[5]

The SPR argues, however, that the wife failed to take the necessary steps to actually effect the transfer, because there was additional paperwork that the wife needed to fill out, as the stock certificates were held jointly.  The SPR further argues that the wife knew that she needed to fill out this

_____

[5] We acknowledge that the wife could have, and likely should have, held the dividends separately while awaiting further instruction.  There was no evidence that she was ordered (or even advised) to do so, however, and her actions may have been influenced because, apparently, the husband was not paying alimony for at least some of the time in question.

additional paperwork to complete the transfer, pointing to actions that the wife took in 2017, after the husband died.

We are not persuaded.  As of 2008, the stock certificates were physically with the husband's lawyer.  There was no evidence presented that the husband or his agents ever requested any additional actions by the wife after she delivered the certificates.  The husband did not request that the wife fill out additional paperwork, and he did not ask the wife to forward the dividends even though the wife told husband's counsel she was still receiving them.  Moreover, and tellingly, the husband's financial advisor testified that he repeatedly asked the husband for the DuPont certificates so that the financial advisor could complete the transfer, but the husband did not provide them.  The judge credited this testimony as well.  We review the judge's finding of no contempt for abuse of discretion or other error of law.  Department of Revenue Child Support Enforcement v. Grullon, 485 Mass. 129, 134 (2020).  There was no abuse of discretion here.

2.  The request for repayment.  Finally, we must address the SPR's request for an order that the wife repay the dividends she received.  We think a claim for those dividends is fairly subsumed in the estate's contempt complaint, even where the wife was found not guilty of contempt.  See Smith, 93 Mass. App. Ct. at 362, 364-365; Wooters v. Wooters, 74 Mass. App. Ct. 839, 840,

7

844 (2009). As discussed above, any dividends the wife received after the divorce judgment entered should have been paid to the husband. The fact that the wife was found not guilty of contempt does not alter this underlying legal obligation, as we explained in Wooters, 74 Mass. App. Ct. at 844, and Smith, 93 Mass. App. Ct. at 364, 366-367. Here we have no doubt that had the husband timely requested the dividends (or brought a lawsuit or contempt proceeding), the husband would have been entitled to those dividends. Moreover, at the contempt hearing, the SPR entered into evidence various documents regarding the dividends the wife received, as shown on her tax returns from 2008 through 2017.

The judge addressed the estate's claim for dividends the wife received after the husband's death in 2017, finding that the estate's proof as to those dividends was not sufficient. The judge's order does not, however, address whether the estate is entitled to recover dividends that the wife received between 2008 and the husband's death.

On appeal the wife raises potential defenses of waiver and unclean hands. The SPR responds that neither of those defenses were previously pleaded or raised during the contempt hearing. The wife also suggests that the husband's estate owes her substantial unpaid amounts of, among other things, alimony, which might be an offset against any claim for the dividends.

8

While we rule today that the husband was entitled to the dividends under the divorce judgment, in the circumstances a remand is appropriate so that the judge may address the estate's claim in the first instance.  On remand the judge may consider whatever defenses he or she determines are properly raised to the estate's claim in this case.  We accordingly affirm the portion of the judgment finding the wife not in contempt, but vacate the remainder of the judgment insofar as it addresses whether the wife should pay money to the husband's estate, and remand that issue for further consideration in light of this decision.[6]

So ordered.

By the Court (Vuono, Singh &
  Englander, JJ.[7]),

*Joseph F. Stanton*

Clerk

Entered:  October 27, 2023.

---

[6] The parties' requests for appellate attorney's fees and costs are denied.

[7] The panelists are listed in order of seniority.