NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1132

SUSAN KAREN BROWN[1]

vs.

PAUL E. HICKEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant father appeals from a Probate and Family Court judgment finding him in contempt of court for failing to pay his son's college expenses in compliance with the separation agreement and judgment of divorce between him and the plaintiff mother.  The father maintains that the judge erred because (1) a condition precedent of the separation agreement had not been met and (2) the language of the separation agreement was unclear. We affirm.

The father and the mother were divorced pursuant to a judgment which incorporated the parties' separation agreement executed in 2001.  As relevant here, the agreement stated:

"The Husband and Wife agree that the child should receive the best education available to them in light of their interests, including education at the college level.  Both

_____

[1] The plaintiff was formerly known as Susan Karen Hickey.

parties recognize that the education of the children may require substantial financial expenditures. The parties agree that they shall provide financial assistance to the minor children at the time said children are enrolled in school consistent with their respective abilities to do so.

"[N]either party shall make any commitment in the educational institution on behalf of the children without first notifying and obtaining the other party's approval, which approval should not be unreasonably withheld."

The parties' son attended a community college and a trade school between 2018 and 2021. Before the son enrolled in the community college in 2018, and again before the start of the fall 2019 semester, the mother contacted the father's attorney, informing the father of their son's intentions and wishing to settle the issue of expenses. The father's attorney responded to these messages. He asked for information about the son's enrollment and, in 2019, sought access for the father to the son's grades and financial aid information as well as to his advisor and teachers. The father never contributed to the son's 2018-2019 community college expenses.

In 2020, the son enrolled in trade school. The mother's husband, the son's stepfather, took out a loan to pay for the trade school. The father did not contribute financially. The mother filed a complaint for contempt and, after an evidentiary hearing, the judge found the father in contempt for "having willfully neglected and his failure to comply" with the terms of the judgment of divorce and separation agreement relating to

2

financial assistance for education.  The judge ordered the father to pay the mother one-half of the cost of the son's attendance at the community college and the trade school, as well as attorney's fees.

"[T]o find a defendant in civil contempt there must be a clear and unequivocal command and an equally clear and undoubted disobedience. . . .  In addition, the defendant must be found to have the ability to pay at the time the contempt judgment enters."  Larson v. Larson, 28 Mass. App. Ct. 338, 340 (1990).  "The contempt must be proved by clear and convincing evidence, and the court is to consider 'the totality of the circumstances.'"  Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018), quoting Wooters v. Wooters, 74 Mass. App. Ct. 839, 844 (2009).  We review a judge's finding of contempt for abuse of discretion.  Smith, supra.  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The father does not dispute his ability to pay but rather maintains that (1) the language of the separation agreement did not provide a "clear and unequivocal command" and (2) the mother failed to meet the condition precedent of the separation

3

agreement that both parties approve of the child's educational institution, so the father could not have "clear[ly] and undoubted[ly]" disobeyed the agreement.  Larson, 28 Mass. App. Ct. at 340.  The father claims that, because he never gave his approval for the son to enroll in either school, he is not responsible to share the costs of the schools pursuant to the separation agreement.

At the hearing, the mother presented a combination of testimony and documents (1) supporting her claims that she had notified the father through his lawyer about the son's intentions to enroll in each school and (2) providing information about the son's enrollment and costs.  "[W]e must give due regard to the judge's opportunity to judge the credibility of the witnesses, and we recognize that the judge's firsthand view of the evidence puts her in the best position to weigh its credibility."  Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 526 (1997).  We give such regard here to the judge's assessment of this evidence and her finding, in turn, that the father had disobeyed the separation agreement.  On this record, the judge was permitted to conclude that the father's approval had been "unreasonably withheld" and the mother and son were not obligated to await the father's approval of these educational institutions before the son could enroll in them.

The father's claim that the language of the agreement was not specific enough to constitute a "clear and unequivocal command" fares no better.  Larson, 28 Mass. App. Ct. at 340. The agreement stated that the parties "shall provide financial assistance" for college expenses, "consistent with their respective abilities to do so,"[2] and, as noted above, that the parties' approval should not be "unreasonably withheld."[3]  The father was aware, through counsel, of the proposed educational plans.  It was thus reasonable for the judge to determine that (1) there was a clear and unequivocal command in the separation agreement for the father to contribute to the extent he was able, (2) the father had the ability to pay for one-half of the son's college expenses as calculated by the judge, and (3) he

---

[2] The father has not contested the judge's finding that he is able to pay.  That the agreement did not specify what portion of the expenses must be covered by each parent does not negate the father's responsibility to provide assistance.

[3] This provision distinguishes this case from Cooper v. Keto, 83 Mass. App. Ct. 798 (2013).  In that matter, the court determined that the college expense provision (which required agreement by the parties), although binding on the father under California law, was not sufficient to support a finding of contempt under Massachusetts law where there was no showing of contact between the parties to reach agreement related to the payment of the child's educational expenses.  Id. at 83-84. Here, by contrast, that agreement was sought but not obtained by the mother, which permitted a conclusion it had been "unreasonably withheld."  The terms of this separation agreement were sufficiently clear and unequivocal.

5

disobeyed that command by not providing financial assistance.[4] See L.L., 470 Mass. at 185 n.27; Larson, supra. The mother's request for an award of appellate attorney's fees is denied.

Judgment affirmed.

By the Court (Neyman, Hershfang & Hodgens, JJ.[5]),

_Ame M. Thomas_

Assistant Clerk

Entered: May 9, 2024.

---

[4] The father also claims that the mother waived her claim to reimbursement for the community college expenses because, in a moment of apparent frustration during her testimony, she said, "Let's just forget about Quincy College." We do not interpret the mother's statement as a waiver of her claim under the separation agreement.

[5] The panelists are listed in order of seniority.