NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-63

KEVIN R. KIVI

vs.

CYNTHIA M. KIVI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The former wife (wife) appeals from a judgment of divorce nisi and from a judgment on her complaint for civil contempt. She argues that the Probate and Family Court judge erred by finding the former husband (husband) not in contempt and by declining to award the wife her attorney's fees, that the judge erred in denying her motion for release of funds to retain an expert, and that the judge awarded insufficient alimony. We affirm.

1. Contempt. Under a temporary order entered in July 2021, the husband was required to pay the wife $172 per week in alimony. In January 2022 the wife filed a complaint for civil contempt alleging that the husband violated the temporary order

on October 29, 2021, and "subsequent dates." According to the complaint, the husband was $1,032 in arrears on his payments.

In April 2022 the parties entered into a stipulation, which provided among other things that the husband would pay the arrears from his share of the proceeds from the sale of the marital home. In accordance with this agreement, the husband paid the wife $2,408, which represented the total amount of arrears he owed through April 11, 2022. The contempt matter was then consolidated with the divorce matter.

After the trial, at which the parties were the sole witnesses, the judge ruled that the husband was not in contempt. The judge found that, although the husband was late on some payments, this was "due to his getting to the bank late" and he eventually made all of the payments. The judge noted that the husband offered to pay the wife by Venmo (an application that facilitates electronic money transfers) or some other direct form of payment, but the wife refused. In addition, the judge found that the husband was laid off from his job in 2022 and had to wait approximately five weeks for his unemployment check; this caused him to be late on his payments, but he "ended up catching up."

The wife argues that the judge erred in finding the husband not in contempt because the evidence showed that the husband

willfully disobeyed the temporary order. We disagree. To prove civil contempt, a plaintiff must establish by clear and convincing evidence that there was "clear disobedience" of "a clear and unequivocal command." Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018). "[T]he requirement to prove 'clear disobedience' has teeth" and means that "a person cannot be found in contempt of an order to pay money that he or she is unable to pay." Id. at 363-364. We review a judge's ruling on a complaint for contempt only for abuse of discretion. See id. at 363.

Here, the judge was within his discretion to conclude that the husband did not clearly disobey the temporary order. The judge credited the husband's testimony that he was unable to make payments for a number of weeks because he was unemployed, but caught up with the payments once he was able to work again. Furthermore, the husband paid all of the arrears he owed once the funds from the sale of the marital home were distributed to him. The judge did not credit the wife's testimony that the husband had additional arrears at the time of trial. Based on the totality of these circumstances, the judge permissibly found the husband not in contempt. See Smith, 93 Mass. App. Ct. at 364. In turn, the judge permissibly declined to award the wife her attorney's fees, given that she was not the prevailing

3

party.  See G. L. c. 215, § 34A (a) (plaintiff in contempt action presumptively entitled to attorney's fees if "judgment of contempt" enters).

2.  Motion for release of funds.  Following a hearing in September 2022, the judge set the matter for trial on March 24, 2023, and ordered that discovery be completed no later than January 20, 2023.  On February 21, 2023, the wife filed a motion to release funds being held in escrow by the husband's attorney, claiming that the funds were needed to hire an expert to assess the wife's ability to work.  After a hearing the judge denied the motion.

The wife contends that the judge erred in denying her motion, but she has not provided us with a copy of the hearing transcript.  The judge presumably could have denied the motion as untimely, but we cannot say on this record, nor can we assess whether his ruling was an abuse of discretion.  The argument is therefore waived.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).

3.  Amount of alimony.  In contesting the amount of the alimony award, the wife argues that the judge made a number of errors by either discrediting the wife's testimony or crediting the husband's testimony.  A judge's credibility findings are virtually unassailable on appeal and will not be disturbed

4

unless clearly erroneous.  See Wakefield v. Hegarty, 67 Mass. App. Ct. 772, 774-775 (2006).  After reviewing each of the wife's arguments, we conclude that she has not demonstrated clear error.  Moreover, the wife does not explain how her arguments relate to the judge's ultimate determination of the alimony award.  The import appears to be that, had the judge credited the wife's allegations of physical abuse by the husband, the judge would be compelled to find that the wife is permanently disabled from engaging in any employment.  To the extent this is her claim, we are unpersuaded.  The wife did not submit any medical records in support of her allegation of permanent disability, and, as the judge found, she worked part-time throughout the course of the marriage, at times holding multiple jobs at once.  Thus, it was not clear error for the judge to attribute part-time income to the wife.

Finally, in the statement of issues section of her brief, the wife claims that the judge erred by awarding her an amount less than the "statutory" thirty percent of the difference between the parties' gross incomes.  See G. L. c. 208, § 53 (b).  But the wife does not raise this issue again in the argument section of her brief.  It is therefore waived.  See Mass.

5

R. A. P. 16 (a) (9); <u>Maroney</u> v. <u>Planning Bd. of Haverhill</u>, 97
Mass. App. Ct. 678, 683 n.8 (2020).

<u>Judgment of divorce nisi
    affirmed</u>.

<u>Judgment on complaint for
    civil contempt affirmed</u>.

By the Court (Rubin, Shin &
    Hodgens, JJ.[1]),

Clerk

Entered:  December 24, 2024.

---

[1] The panelists are listed in order of seniority.