NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-159

JANE K.D. KLINE

vs.

PETER F. KLINE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant (husband) appeals from a judgment after remand on the wife's civil contempt complaint, and from an order denying the husband's motion to amend.  On appeal, the husband argues that the judge abused her discretion in (1) considering parol evidence before finding the defendant violated the parties' separation agreement by failing to pay weekly alimony, and (2) ordering the husband to pay alimony arrears after the original judgment of contempt had been vacated.  We affirm.

Background.  On December 13, 2012, the parties divorced by judgment nisi, which incorporated their separation agreement except for provisions relating to alimony and child support, which merged with the judgment.  Among other provisions, the

judgment required the husband to pay $649 per week in alimony to the wife and thirty-five percent of any bonus or incentive payment received as part of his employment compensation. Neither the judgment nor the agreement specified the duration or a date for termination of the alimony. In January 2021, the wife filed a complaint for contempt, alleging the husband unilaterally stopped paying alimony.[1] A judge found the husband guilty of civil contempt and ordered the husband to pay the wife alimony arrears of $49,973 and $22,285.50 in attorney's fees. In December 2022, a panel of this court vacated the contempt judgment, concluding the agreement was ambiguous as to the husband's alimony obligation and thus not supportive of a contempt finding. The case was remanded to the judge to "take parol evidence to determine the parties' intent with regard to the termination of the husband's alimony obligation." In March 2023, the judge held an evidentiary hearing where both parties testified and the only exhibit was a transcript of the parties' colloquy prior to the entry of their divorce judgment.

---

[1] In July 2015, the husband attained full retirement age. He claims he ceased paying alimony to the wife because he started to receive Social Security retirement benefits and became aware of the Alimony Reform Act, which provides that "general term alimony orders shall terminate upon the payor attaining the full retirement age." G. L. c. 208, § 49 (f).

In December 2023, the judge issued findings and judgment after remand.[2]  As to alimony, the judge found that at the time the judgment of divorce entered, "it was the intent of both parties that Husband pay alimony beyond the statutory retirement age due to Wife's disability and his ongoing employment" and "to omit any termination date."[3]  The judge ordered the husband to pay the wife $49,973 in alimony arrears, to continue making weekly alimony payments through the date of the court's temporary order suspending his obligation,[4] and to pay the wife's attorney's fees in the amount of $20,997.63.  The husband moved to amend the findings "so as to state clearly the . . . theory of the defendant's liability"; his motion was denied.

Discussion.  We review a judge's interpretation of a separation agreement de novo, see Colorio v. Marx, 72 Mass. App.

_____

[2] The judge made seventy-four findings of fact and ten conclusions of law.

[3] The divorce judgment colloquy transcript revealed that at the hearing, husband's counsel stated the Husband's attainment of retirement age "creates a presumption and our intention in omitting any specific language with respect to termination -- is that realistically Mr. Kline is likely to work beyond -- full retirement age and would presumably continue to pay according to the agreement if for no other reason than to avoid the -- the hassle of modification."

[4] In response to the husband's amended complaint for modification, which he filed on May 26, 2022, the judge suspended his alimony obligation in a temporary order on August 23, 2022.

Ct. 382, 386 (2008), and a judge's ultimate decision pertaining to alimony for an abuse of discretion. See, e.g., Pierce v. Pierce, 455 Mass. 286, 293 (2009); Smith v. Smith, 93 Mass. App. Ct. 361, 363 (2018).

1. Parol evidence. The husband first argues that where the divorce judgment was silent on the duration of the alimony, the judge erred by treating the prior judgment as a contract and taking parol evidence to determine the parties' intent. Instead, he argues, the judge should have applied the Alimony Reform Act, which provides that "general term alimony orders shall terminate upon the payor attaining the full retirement age." G. L. c. 208, § 49 (f).[5] We disagree.

"[W]here the parties' separation agreement was merged into the judgment of divorce, it retains no independent legal significance apart from the judgment. However, . . . to the extent that a judgment incorporates the terms of a separation agreement, we may apply contract principles to the interpretation of the judgment" (quotation and citation omitted). Cavanaugh v. Cavanaugh, 490 Mass. 398, 413 (2022). Among the contract principles that may be applied is the use of parol evidence. Where the language of a separation agreement is

---

[5] The Alimony Reform Act took effect on March 1, 2012, and thus governs the parties' divorce judgment, which was entered on December 13, 2012.

4

ambiguous, "we may consider extrinsic evidence of the parties' and the court's intent." Id. at 413.

Here, the judge acted well within her discretion. The alimony provisions of the parties' separation agreement were incorporated and merged into the judgment of divorce nisi. A prior panel of this court determined the judgment was ambiguous on the question of alimony duration and termination and remanded this matter to the judge with instructions to "take parol evidence to determine the parties' intent." The judge proceeded to follow these instructions precisely, holding an evidentiary hearing and considering the parties' extrinsic evidence, which consisted of only their testimony and the colloquy of their divorce hearing.

2. Alimony Reform Act. The husband further contends that the judge erred by not making specific written findings as required by the Alimony Reform Act. We are not persuaded.

"A judge has broad discretion when awarding alimony under the [Alimony Reform Act]." Zaleski v. Zaleski, 469 Mass. 230, 235 (2014). The act provides: "When the court enters an initial alimony judgment, the court may set a different alimony termination date for good cause shown; provided, however, that in granting deviation, the court shall enter written findings of the reasons for deviation." G. L. c. 208, § 49 (f) (1).

Here, during the divorce judgment colloquy (nine months after the act had taken effect), the judge asked the parties, "So there's no stated termination date of the alimony. Is that correct?" The wife's attorney said "Correct, your Honor," while the Husband's counsel responded,

> "[The parties'] intention in omitting any specific language with respect to termination . . . is that, realistically, [the husband] is likely to work beyond . . . full retirement age and would presumably continue to pay according to the agreement if for no other reason than to avoid the -- the hassle of modification."

In response, the judge accepted counsel's explanation, stating, "Okay. All right. Okay." The judge's statements on the record accepting counsel's explanation for the agreement's deviation from § 49 (f) are tantamount to written findings as required by the statute. Cf. Commonwealth v. King, 71 Mass. App. Ct. 737, 739 n.5 (2008) ("While written findings are preferable, . . . oral recitation of reasons for revocation, when transcribed, satisfies the requirement of a written statement by the fact finder"). Even if the judge had failed to make the required written findings, though, the husband agreed and acknowledged in the divorce judgment colloquy that he has an obligation to pay alimony even after attaining full retirement age.

3. Alimony award. The husband asserts that the judge erred in ordering the husband to pay alimony arrears and reimposing his alimony obligation under the divorce judgment.

6

Even absent a finding of contempt, "judges possess inherent authority to clarify the rights and obligations of the parties based upon the issues raised in a complaint for contempt and to enter an order for payment of monies due pursuant to [their] determination of the parties' rights under the separation agreement" (citation and quotation omitted). Griffin v. Kay, 101 Mass. App. Ct. 241, 249 (2022).

Here, the divorce judgment colloquy demonstrated the parties' intent that the husband pay alimony beyond his statutory retirement age due to the wife's disability, and that termination of the husband's alimony obligation required a modification judgment. On this basis, the judge properly determined the husband was obligated to pay the alimony he unilaterally withheld from the wife, ordered the husband to pay the wife alimony arrears of $49,973 and to continue to pay his weekly alimony obligation through the date of the judge's temporary order suspending his obligation, and to pay the wife attorney's fees in the amount of $20,997.63.[6] In assessing alimony arrears to be paid by the husband, "[t]he judge's order simply enforced the parties' separation agreement in order to insure that the plaintiff received her agreed share of the

_____

[6] The husband does not challenge the attorney's fees award.

marital estate" (citation omitted).  Colorio, 72 Mass. App. Ct. at 389.

It follows that (1) no further explanation of the theory of the husband's liability was required, so the motion to amend was property denied; and (2) the wife's request for appellate attorney's fees must be allowed pursuant to paragraph twenty-nine of the agreement.  Within fourteen days of this decision, the wife shall file a motion with supporting documentation; the husband shall have fourteen days thereafter in which to file a response.  See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).

Judgment affirmed.

Order denying motion to amend
    affirmed.

By the Court (Englander,
    Hodgens & Smyth, JJ.[7]),

Clerk

Entered:  July 14, 2025.

---

[7] The panelists are listed in order of seniority.